**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| LACEY WEAVER, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| NAVIENT SOLUTIONS, INC., ) | **JURY TRIAL** |
| ) | |
| Defendant ) | |

## COMPLAINT

LACEY WEAVER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NAVIENT SOLUTIONS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Ohio and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Massillon, Ohio 44646.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that does business in Ohio and maintains its principle place of business at 123 Justison Street, Wilmington, Delaware 19801.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge.

12. Plaintiff never gave permission to Defendant to call her cellular telephone.

13. Beginning in 2009, and continuing through at least December 2015,

Defendant called Plaintiff on her cellular telephone.

14. Defendant's calls came from multiple phone numbers including, but not limited to, 888-272-5543. The undersigned has confirmed that this number is used by Defendant.

15. During the relevant period, Plaintiff received multiple calls a week and often multiple calls a day from Defendant.

16. Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

17. Defendant's prerecorded messages would identify its name as Navient, and would either ask Plaintiff to call them back or to hold and then she was transferred to a representative.

18. Defendant's telephone calls were not made for "emergency purposes."

19. Shortly after calls started in 2009, Plaintiff spoke with Defendant and told it to stop calling her cellular telephone, thereby revoking consent for future communications to her cellular telephone.

20. Although Plaintiff's revocation was heard, Defendant ignored her request, and continued to call Plaintiff on her cellular telephone.

21. Between 2009 and December 2015, Plaintiff told Defendant to stop calling her cellular phone numerous times, yet calls continued.

22. Defendant's calls were so invasive that Plaintiff that around August

2015, Plaintiff started to use an application on her cell phone to block and log Defendant's calls.

23. Defendant made at least ninety (90) calls to Plaintiff since she started using the call blocker application.

24. Upon information and belief, Defendant conducts business in a manner which violates the telephone consumer protection act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

27. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant's calls to Plaintiff were not made for emergency purposes.

29. Defendant's calls to Plaintiff, after they were told to stop calling shortly after calls started in 2009, were not made with Plaintiff's prior express consent.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LACEY WEAVER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LACEY WEAVER, demands a jury trial in this case.

                                                  RESPECTFULLY SUBMITTED,

DATED: May 31, 2016          KIMMEL & SILVERMAN, P.C.

                                        By:*/s/ Amy Lynn Bennecoff Ginsburg*
                                              Amy Lynn Bennecoff Ginsburg, Esq.
                                              Kimmel & Silverman, P.C.
                                              30 E. Butler Pike
                                              Ambler, PA 19002
                                              Phone: (215) 540-8888
                                              Fax: (877) 788-2864
                                              Email: aginsburg@creditlaw.com