# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LACEY WEAVER, | ) | CASE NO. 5:16-cv1304 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NAVIENT SOLUTIONS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion for summary judgment (Doc. No. 26 ["Mot."]) filed by defendant Navient Solutions, Inc. ("NSI" or "defendant"). Plaintiff Lacey Weaver ("Weaver" or "plaintiff") filed a brief in opposition (Doc. No. 30-1 ["Opp'n"]), and defendant filed a reply (Doc. No. 32 ["Reply"]). Defendant seeks judgment on plaintiff's single-count complaint, wherein she alleges that NSI violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et. seq.*, by repeatedly making calls to her cell phone using an automatic telephone dialing system and/or prerecorded messages, despite being told to stop calling. Defendant argues that it is entitled to judgment as a matter of law. For the reasons set forth herein, defendant's motion is **granted**.

## I. DISCUSSION

### A. Factual Background

It is undisputed that Weaver took out two student loans (one on June 2, 2004 and the other on March 24, 2008) to finance her education at Brown Mackie College (2004-2007) and Stark State College (2009-2010). (Doc. No. 24-1 (Deposition of Lacey Weaver ["Weaver Dep."]) at 17-

18, 19-20;[1] Exs. 1 and 2.) Both loans were serviced by NSI. (Doc. No. 26-2 (Declaration of Kim Hemmings[2]) ["Hemmings Decl."] ¶ 4.) Weaver admits she has made no payments on the loans. (Weaver Dep. at 22.) As a result of her default, NSI telephoned plaintiff at the phone number she had provided – a cell phone number ending in -9221 (the "9221 number"). (Hemmings Decl. ¶ 4.)[3]

NSI's first call to the 9221 number was on July 25, 2014. (*Id.* ¶ 5.) In relevant part, the conversation went as follows:

> NSI:     Is this the number we can call you – 9221?
>
> Weaver:  Yes.
>
> * * *
>
> NSI:     Is it a landline or a cell phone for the 9221?
>
> Weaver:  Cell.
>
> * * *
>
> NSI:     So let me just read to you the disclosure for a cell phone. I just need permission. Ok, so to help contact you more efficiently, may Sallie Mae Bank and Navient and their respective subsidiaries, affiliates, and agents . . . contact you at this number using an autodialer or prerecorded messages regarding your current or future accounts?
>
> Weaver:  Yes.

---

[1] Although the page number citations in this opinion are usually to the page ID# applied by the CMECF system, citations to depositions are to the actual page numbers, since the filed depositions are in a form having four deposition pages per CMECF page.

[2] Hemmings is the Supervisor of Private Credit Support for Navient Solutions, LLC ("NSL"), formerly known as Navient Solutions, Inc. ("NSI"). (Hemmings Decl. ¶ 2.) To avoid confusion, the Court will refer to defendant as "NSI."

[3] During Hemmings' deposition, taken by plaintiff on March 30, 2017, Hemmings testified at some length about the log for calls to the 9221 number relating to Weaver's account, which was kept by NSI in the ordinary course of business. Even though it appears that the call log relating to plaintiff's account was labeled as Exhibit 1 to the Hemmings Deposition (*see* Hemmings Dep. at 14), no exhibit was supplied along with the deposition, contrary to this Court's Initial Standing Order. (*See* Doc. No. 3 at 22.) Hemmings testified that, although calls are autodialed, a call would be automatically recorded whenever a connection is actually made. Further, an agent ID number included on the log is an indication that the call connected. (Doc. No. 25-1, Deposition of Kim Hemmings ["Hemmings Dep."] at 14, 17, 19.)

(Weaver Dep. at 32-33 and Ex. 5[4]; Hemmings Decl. ¶¶ 5-6 and Ex. 3.)

On or about December 29, 2014, NSI called Weaver again at the 9221 number. (Hemmings Decl. ¶ 7.) Weaver again confirmed the 9221 number and consented to autodialer calls:

> NSI: You do have this phone number, um, (xxx) xxx-9221. Since it is a cell phone, I'm going to read a disclosure. I'll need your approval. To help us contact you more efficiently, may Sallie Mae Bank and Navient and their respective subsidiaries, affiliates, and agents contact you at this number using an autodialer or prerecorded messages regarding your current or future accounts? Are we allowed?
>
> Weaver: Yes.

(Weaver Dep. at 33-34 and Ex. 7; Hemmings Decl. ¶¶ 7-8 and Ex. 4.)

Finally, on or about April 24, 2015, NSI called Weaver a third time at the 9221 number, once again confirming the number:

> NSI: Aside from this phone number that ends in 9221, do you have any other phone number you'd want to add to your file?
>
> Weaver: No.

(Weaver Dep. at 34 and Ex. 6; Hemmings Decl. ¶¶ 9-10 and Ex. 5.)

Weaver also gave her consent in writing, on or about October 20, 2015, when she signed an Unemployment Deferment Request in connection with her student loans. After identifying her primary phone number as the 9221 number, she signed the document, which included the following statement:

> I authorize the entity to which I submit this request (i.e., the school, the lender, the guaranty agency, the U.S. Department of Education, and their respective agents and contractors) to contact me regarding my request or my loan(s), including repayment

---

[4] Recordings of the relevant telephone calls were filed manually and under seal. No transcripts were provided. The notice of manual filing represents that plaintiff's deposition Exhibits 5, 6, and 7 are identical to the Hemmings Declaration Exhibits 3, 4, and 5. The digital files on the manually-filed, sealed disc are named "Navient Ex. 5," "Navient Ex. 6," and "Navient Ex. 7," which, upon listening to them, appear to correspond to the Hemmings Declaration's Exhibit 3, Exhibit 5, and Exhibit 4, respectively.

3

of my loan(s), at the number that I provide on this form or any future number that I provide for my cellular telephone or other wireless device using automated telephone dialing equipment or artificial or prerecorded voice or text messages.

(Weaver Dep. at 23-24 and Ex. 3; Hemmings Decl. ¶ 11 and Ex. 6.)

**B.      Standard of Review**

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established that create a genuine issue of material fact. *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*. (citation omitted).

## C. Defendant's Calls Not Subject to TCPA [5]

The TCPA makes it "unlawful for any person . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – . . . (iii) to any telephone number assigned to a . . . cellular telephone service, . . . unless such call is made solely to collect a debt owed to or guaranteed by the United. States[.]" 47 U.S.C. § 227(b)(1)(A)(iii).

Defendant argues in its motion that Weaver's claim that NSI violated the TCPA fails as a matter of law because it falls within the exception in the statute, quoted above. Plaintiff expressly concedes that she took out loans to finance her education, and the promissory notes themselves are identified as loans under the Federal Family Education Loan ("FFEL") Program. (*See* Doc. No. 26-2 at 249, 258.) Therefore, the loans are "debt[s] owed to or guaranteed by the United States." *See Hassert v. Navient Solutions, Inc.*, 232 F. Supp. 3d 1049, 1052 (W.D. Wisc. 2017) (finding that the Department of Education guarantees FFEL loans); 20 U.S.C. § 1071(a)(1)(D) (one purpose of the FFEL Program is "to guarantee a portion of each loan . . . .").[6]

Plaintiff asserts in opposition to this argument that the TCPA is implemented by regulations promulgated by the Federal Communications Commission ("FCC") limiting the number of calls that may be made to a debtor to a maximum of three calls within a thirty-day period, and zero calls

---

[5] Defendant makes two additional arguments (that plaintiff consented to calls and did not revoke the consent, and that there is no evidence that any violation of the TCPA was "knowing or willful" within the meaning of 47 U.S.C. § 227(b)(3)(C)). Plaintiff asserts that she revoked her consent several times, and she has submitted a new affidavit with her opposition brief attempting to establish that fact. Defendant challenges the affidavit as inadmissible evidence that contradicts plaintiff's deposition testimony. Given the Court's holding on the applicability of the TCPA, these issues need not be addressed.

[6] Although neither party has taken a position on who had the burden of proof on this question, since plaintiff does not dispute that she had student loans guaranteed by the United States, there is no need to dwell on the issue. There is, however, "support for the proposition that when a statute uses words like 'unless' or 'except,' what follows those terms is an affirmative defense, not an element of the claim." *Ayers v. Receivables Performance Mgmt., L.L.C.*, No. 2:15-cv-12082, 2016 WL 5402962, at *6 (E.D. Mich. Sept. 28, 2016) (citations omitted).

following a request by the debtor for no further calls. (Opp'n at 309, citing *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act*, 31 FCC Rcd. 9074, 9104 (2016).)

The problem with plaintiff's argument is that this regulation was not adopted until August 2, 2016, almost three months after this lawsuit was filed, more than a year after the final telephone call allegedly made by NSI on April 24, 2015, and long after plaintiff claims she first told NSI to stop calling. Plaintiff admits that this regulation was enacted in 2016, but she nonetheless argues that it applies, without reference to any case law that would make the regulation retroactive to her situation.

The Sixth Circuit has determined that, where a regulation "'attaches new legal consequences,' such as 'impairing rights a party possessed when he acted, increasing a party's liability for past conduct, or imposing new duties with respect to transactions already completed,' then a court should refrain from a retroactive application." *Siding & Insulation Co. v. Alco Vending, Inc.*, 822 F.3d 886, 892 (6th Cir. 2016) (quoting *BellSouth Telecomm., Inc. v. Southeast Tel., Inc.*, 462 F.3d 650, 658 (6th Cir. 2006)); *see also Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994) ("[T]he court must ask whether the new provision attaches new legal consequences to events completed before [the statute's or the regulation's] enactment.").

Plaintiff's claim fails as a matter of law, based on the material facts that plaintiff admits are undisputed, because it is encompassed by the express exception in the TCPA and because the later-enacted regulation cited by plaintiff cannot be applied retroactively to the facts herein. Therefore, defendant is entitled to summary judgment and dismissal.

## II. CONCLUSION

For the reasons set forth herein, defendant's motion for summary judgment (Doc. No. 26) is granted and this case will be dismissed.

**IT IS SO ORDERED**.

Dated: August 11, 2017

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**